UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |  | |
|---|---|---|---|
| KIRK A. MOSES, | ) | | |
| | ) | | |
| PLAINTIFF, | ) | | |
| | ) | Civil Action No. 16-cv-05038 | |
| v. | ) | | |
| | ) | | |
| CAVALRY SPV I, LLC, and CAVALRY | ) | | |
| PORTFOLIO SERVICES, LLC | ) | | |
| | ) | | |
| DEFENDANTS. | ) | <u>Jury Demanded</u> | |

## COMPLAINT

Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425, *et seq.* ("ICAA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 for Plaintiff's state law claim(s).

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## PARTIES

3. Plaintiff, Kirk A. Moses ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Capital One consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA, and a debtor as that term is defined in 225 ILCS 425/2 of the ICAA.

4.      Defendant, Cavalry Portfolio Services, LLC ("Cavalry"), is a Delaware limited liability company with its principal place of business at 500 Summit Lake Drive, #400, Valhalla, NY, 10595-1340. It does or transacts business in Illinois. Its registered agent and office are C T Corporation System, 208 South LaSalle St, Suite 814 (Exhibit A, Record from Illinois Secretary of State).

5.      Defendant Cavalry is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6.      Defendant Cavalry holds a collection agency license from the State of Illinois, and is a collection agency as that term is defined in 225 ILCS 425/2 of the ICAA. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

7.      Defendant Cavalry regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

8.      Defendant, Cavalry Portfolio Services, LLC ("CPS"), is a Delaware limited liability company with its principal place of business at 4050 East Cotton Center, Building 2, Suite 20, Phoenix, Arizona 85040.  CPS does or transacts business in Illinois. Its registered agent and office is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60605. (Exhibit C, Record from Illinois Secretary of State).

9.      Defendant CPS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts on behalf of Cavalry SPV I, LLC.

10.     Defendant CPS holds a collection agency license from the State of Illinois, and is a collection agency as that term is defined in 225 ILCS 425/2 of the ICAA. (Exhibit D, Record from the Illinois Department of Financial & Professional Regulation).

11. Defendant CPS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

12. Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Capital One consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

13. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

14. Cavalry purportedly purchased the alleged debt sometime thereafter.

15. Cavalry subsequently assigned the alleged debt to CPS for collection.

16. CPS was at all times authorized to act on behalf of Cavalry to attempt to collect the alleged debt from Plaintiff.

17. CPS attempted to collect the alleged debt from Plaintiff.

18. In response to collection attempts by Defendants, Plaintiff consulted with an attorney, who, on March 16, 2016, sent a written communication to CPS, indicating that Plaintiff was represented by counsel and that Plaintiff disputed the alleged debt. (Exhibit E, Dispute Letter).

19. Plaintiff's letter stated, in part, that the amount reported is not accurate.

20. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Emerson v. Fid. Capital Holdings, Inc.*, No. 15 C 3416, 2015 WL 5086458, at *2 (N.D. Ill. Aug. 14, 2015).

21. CPS received Plaintiff's communication on March 16, 2016.

22. Plaintiff purchased his Experian credit report.

23. In April, 2016, CPS communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including a balance, an account number and the original creditor. (Exhibit F, Excerpt of Plaintiff's Experian credit report).

24. CPS communicated a balance of $141 on the alleged debt to Experian.

25. CPS failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Experian regarding the alleged debt in April, 2016.

26. Plaintiff purchased another copy of his credit report in May of 2016, and Cavalry continues to communicate information regarding the alleged debt without noting the fact of Plaintiff's dispute.

27. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

28. Defendants materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

29. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

30. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

31. By April of 2016, Defendants knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified CPS of that dispute by letter on March 16, 2016.

32. Even though Defendants knew or should have known, prior to April and May of 2016 that Plaintiff disputed owing the alleged debt, CPS failed to thereafter communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when CPS communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

33. 225 ILCS 425/9 of the Illinois Collection Agency Act provides as follows:

> **. . . (22) Disclosing or threatening to disclose information concerning the existence of a debt which the collection agency knows to be disputed by the debtor without disclosing the fact that the debtor disputes the debt. . . .**

34. Defendants disclosed information concerning the existence of a debt which they knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 ILCS 425/9 of the Illinois Collection Agency Act.

35. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

36. In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in Illinois. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

37. Cavalry authorized, directed, and ratified every action taken by CPS on its behalf, and is liable for the acts and omissions of CPS, committed in connection with efforts to collect

the alleged debt from Plaintiff. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000).

38. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

40. Defendants failed to communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when CPS communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8), despite having knowledge of Plaintiff's dispute.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

- A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- B. Statutory damages from Defendant Cavalry pursuant to 15 U.S.C. § 1692k(a)(2);
- C. Statutory damages from Defendant CPS pursuant to 15 U.S.C. § 1692k(a)(2);
- D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and
- E. Such other or further relief as the Court deems proper.

## COUNT II—ILLINOIS COLLECTION AGENCY ACT

41. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

42. Defendants disclosed information concerning the existence of a debt which they knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 ILCS 425/9 of the ICAA.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

      A.      Compensatory and punitive damages;

      B.      Costs; and,

      C.      Such other and further relief as is appropriate

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com